Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for the Plaintiff*

**FILED**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Mar 19, 2023, 10:01 PM**
**Pro Se Office via Box.com**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE ET,<br><br>Defendants | Case No.:1:21-CV-04536-LDH-LB<br><br>PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFF'S MEMORANDUM POINTS AND AUTHORITIES; PLAINTIFF'S DECLARATION IN SUPPORT OF PRELIMINARY INJUNCTION; PROPOSED ORDER GRANTING PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION; CERTIFICATE OF SERVICE |

Darryl C. Carter vs. United States Department of Justice, Case No: 1:21-CV-04536-LDH-LB

# PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

TO THE COURT, ALL INTERESTED PARTIES HEREIN, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** a hearing is NOT requested for this instant motion; but, should the court GRANT the motion, a hearing will likely be set to further hear the matter, if the Court so decides. The court is located at ***225 Cadman Plaza East, Brooklyn, New York 11201; Courtroom: 4H North.***

The motion for preliminary injunction is based on this notice of motion, the accompanying motion, memorandum of points and authorities, proposed order, and all pleadings and papers on file in the above-captioned action.

Dated this day: March 19, 2023

/S/ [signature]
Darryl C. Carter

Darryl C. Carter vs. United States Department of Justice, Case No: 1:21-CV-04536-LDH-LB

Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE ET AL.,<br><br>Defendants | Case No.:1:21-CV-04536-LDH-LB<br><br>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## I Facts

A 28 U.S.C § 636 (b) (1) (A) does NOT provision for a magistrate the hear this herein motion for preliminary injunction. Plaintiff did not otherwise consent to a magistrate hearing this motion.

B The real party in interest in this action and this underlying motion is "Darryl C. Carter," the "C." is abbreviated for "Chadwich." When filing the action, plaintiff inadvertently omitted the "C." abbreviation which has contributed to some background government misconduct with respect to the creation of a fictitious entity by the same name "Darryl Carter" without the "C." abbreviated middle initial.

C Plaintiff filed this instant action against the United States Department of Justice on July 22, 2021.

D Plaintiff filed a notice with respect to docketing issues and an amended motion for cm/ecf filing on January 9, 2023. See, Docs #26, 27. Said motion, doc #27, still, has not been adjudicated.

E Defendant filed its *Answer* on March 8, 2023. See, Doc # 31.

F The underlying complaint is an *Freedom of Information Act* ("FOIA") action with one (1) COA seeking injunctive, declaratory relief, and costs.

G Defendant admits, per its *Answer* ¶ 7: "*On July 17, 2021, Plaintiff filed appeal number A-2021-02396. On July 19, 2021, Defendant denied plaintiff's expedited appeal handling request.*"

H Defendant, per its *Answer* ¶ 9, admits, that since July 22, 2021, when the complaint was filed, it has not released any records, whatsoever, with respect to the *FOIA* request. Thus, in nearly twenty (20) months defendant has not released any records, whatsoever, relative to the underlying FOIA request.

## II Background

CARTER seeks a preliminary injunction as it is abundantly clear that defendant has no intention, whatsoever, of complying with the provisions of the *FOIA*. Moreover, defendant's refusal to comply with the requirements of the *FOIA*, are injurious to plaintiff's Constitutional and statutory rights. With respect to plaintiff's Constitutional rights, plaintiff's *First Amendment Free Speech* right has been chilled. Thus, plaintiff is not able to understand the complete depth of any government misconduct nor inform and educate the public, of any of such misconduct, via his public information website. Worse even, plaintiff has persistently been subjected to constant and persistently escalating harassment and even death threats for pursuing the underlying *FOIA* records via this action.

DATED: March 19, 2023

/S/ [signature]
Darryl C. Carter

**TABLE OF CONTENTS**

PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION 2

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION........................2

PLAINTIFF'S MEMORANDUM POINTS AND AUTHORITIES...................2

CONCLUSION........................................................................................10

PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION..........................................................2

CERTIFICATE OF SERVICE.....................................................................1

Darryl C. Carter vs. United States Department of Justice, Case No: 1:21-CV-04536-LDH-LB

# CASES

Winter v. Natural Resources Defense Council, 129 S. Ct. 365 (2008)....................2

Gala v. Kavanagh, No. 23-cv-1543-NRM-RER, (E.D.N.Y 03/02/2023)..........2

Salinger v. Colting, 607 F.3d 68 (2010)....................................................2

Wheaton v. Peters, 33 U.S. (8 Pet.) 591, 661, 8 L.Ed. 1055 (1834)......................3

Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)..........3

Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)..........3

Nelson v. Nat'l Aeronautics & Space Admin., 530 F.3d 865, 882 (9th Cir. 2008)..........4

Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)..........5

Amoco Production Co. v. Gambell, 480 U. S. 531, 542 (1987)..........................5

Karem v. Trump, 960 F.3d 656, 668 (D.C. Cir. 2020)..........................................6

Nken v. Holder, 556 U.S. 418, 435 (2009)..........................................................6

Weinberger v. Romero-Barcelo, 456 U. S. 305, 312 (1982)................................6

Denny v. Health and Social Services Board of State of Wisconsin Department of Health and Social Services, 285 F. Supp. 526 (E.D. Wis. 1968)..........8

Continuum Co., Inc. v. Incepts, Inc., 873 F.2d 801, 803 (5th Cir. 1989)..........8

Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1054 (2d Cir.1990)....8

## STATUTES

5 U.S.C. § 552(a) (6) (A) (i)....4

5 U.S.C. § 552 (a) (3) (A)....5

Darryl C. Carter vs. United States Department of Justice, Case No: 1:21-CV-04536-LDH-LB

Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants | Case No.:1:21-CV-04536-LDH-LB<br><br>PLAINTIFF'S MEMORANDUM POINTS AND AUTHORITIES |

# PLAINTIFF'S MEMORANDUM POINTS AND AUTHORITIES

## I A Preliminary Injunction is not a, mere, Nicety but Rather the Only Mechanism Ensuring Defendant's Compliance with the *FOIA* Provisions and Promptly Releasing the Requested Records.

The United States Supreme Court (hereinafter "Supreme Court") set the standard for a preliminary injunction [Fed.R.Civ.P. 65] in the dubbed *Winter* case. See *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365 (2008). In doing so, the Supreme Court vacated the 9th circuit court's view of the "possibility" of irreparable harm as a basis for injunction and replaced the same with the "likelihood" of irreparable harm as an element necessary to support injunctive relief. Thus, "A plaintiff seeking a preliminary injunction must establish that he is [1.] likely to succeed on the merits, which he is [2.] likely to suffer irreparable harm in the absence of preliminary relief, [3.] that the balance of equities tips in his favor, and that [4.] an injunction is in the public interest." (emphasis added). Id @ 374. See, also, *Gala v. Kavanagh*, No. 23-cv-1543-NRM-RER, (E.D.N.Y 03/02/2023); *Salinger v. Colting*, 607 F.3d 68 (2010). "[A] court must consider whether the plaintiff will suffer irreparable harm in the absence of a preliminary injunction, and the court must assess the balance of hardships between the

plaintiff and defendant. Those two items, both of which consider the harm to the parties, are related. The relevant harm is the harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction. The plaintiff's interest is, principally, a property interest in the copyrighted material. See, *Wheaton v. Peters*, 33 U.S. (8 Pet.) 591, 661, 8 L.Ed. 1055 (1834)." In an *FOIA* action, plaintiff's interest is with *First Amendment Free Speech* provisions and "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

**A) Plaintiff Will Succeed on the Merits.**

The merits of this case are uncomplicated. CARTER submitted a valid *FOIA* request to defendant U.S.D.O.J via its component i.e. FBI, which included a very detailed request to expedite. Defendant U.S.D.O.J does not deny [nor can it do so in good faith] receipt of CARTER's full and complete *FOIA* request and in doing so further admits its failure to comply with CARTER's *FOIA* request. Notwithstanding receipt of CARTER's request (see *Defendant's Answer* ¶ 7), defendant did not properly respond to plaintiff's expedited handling request, which it, also, denied via pretext.

With respect to the usual and customary time for handling *FOIA* requests, defendant cannot show that it responded to CARTER's *FOIA* request as outlined per 5 U.S.C. § 552(a) (6) (A) (i). Again, see *Elrod* @ 373, "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Even more so, plaintiff's cannot: A.) Himself be informed as to the complete depth of government misconduct, absent release of the requested records; and B.) The public, also, cannot be informed of any such government misconduct, via publishing and/or discussion of such information on plaintiff's public information website, absent the release of the requested and required *FOIA* records. In short, plaintiff's free speech right is prohibited ("chilled") regarding the matters subject to release, unless and until defendant releases such records.

**B) Plaintiff Suffers Irreparable Harm Textbook to the Nature of a Preliminary Injunction.**

Regarding the *Winter* 'likelihood' of irreparable harm element, this weighs heavily in plaintiff's favor as "Constitutional [rights] violations cannot be remedied through damages and therefore generally constitute irreparable harm." (emphasis added). *Nelson v. Nat'l Aeronautics & Space*

*Admin.*, 530 F.3d 865, 882 (9th Cir. 2008). Again, *Elord*, counsels, "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Moreover, Plaintiff has a statutory right to the requested records and defendant has not and cannot show otherwise. See, *FOIA*, 5 U.S.C. § 552 (a) (3) (A).

**C) Defendant's Pattern and Practice of *FOIA* Abusive Behavior as Illustrated in *Clinesmith*, Speaks Volumes Thereby, Making a Clear Case of the Balance of Equities Favoring Plaintiff.**

A court presented with a motion for preliminary injunction "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Gambell,* 480 U. S. 531, 542 (1987). Here, defendant U.S.D.O.J has an established pattern and practice with respect to fraud, abuse of power, forgery, cover up and so forth with respect to *FOIA* litigation. See [ *Complaint* pg. 6 ¶ 13 ]. Second, as illustrated in this, herein instant action, defendant U.S.D.O.J believes itself untouchable and dispatches "Field operatives," at will to harass, threaten, and badger plaintiff for participating in this action. See **<u>Doc #7</u>**. Moreover, it is difficult to ascertain what equities require balancing on defendant's end as the

*FOIA* is all about shedding light on the behavior of federal agencies the intent of which is to root out bad actors, adjust policies, and strengthen the public's confidence in the operations of government: " The balance of the equities and the public interest "merge when, as here, the Government is the opposing party,"" *Karem v. Trump*, 960 F.3d 656, 668 (D.C. Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Clearly, merger creates a very heavy burden on defendant to show that not only does it have a greater equity interest in not releasing the requested records; but, also, that the public has NO interest in the requested records surrounding any government misconduct. In short, a balancing of equities, here, tilts in plaintiff's favor.

**D) A Preliminary Injunction Clearly Supports the Public Interest Element as Plaintiff and the General Public have a Right to Know If the Government is Engaging in any Misconduct.**

In contemplation of a preliminary injunction, "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U. S. 305, 312 (1982). given the current political climate of extraordinary government mistrust and abuse of power, the public is, well, served through issuance of a preliminary injunction. Doing so, would shed a

bright light on the operations of the U.S.D.O.J enabling reform per the *House Committee on Oversight and Reform*. Furthermore, such would allow the public to chime in and demand a better breed of U.S.D.O.J members, in particular with respect to direct supervision and management as such layers of management are better positioned to weed out the type of conduct complained of herein thereby reestablishing some degree of credibility with the U.S.D.O.J. Furthermore, absent public trust and confidence in the internal behaviors and operations of the U.S.D.O.J, whereas, currently, the federal government is mired with credibility concerns.

**E) While a Preliminary Injunction Bond is Generally Required it is not Without Exception.**

A surety bond is typically required regarding a preliminary injunction in the event a party is wrongfully enjoined. The injunction bond rule [Temporary Restraining Order or Preliminary Injunction] is not without exception. In *Denny's*, the court noted, "[P]laintiffs are poor persons whose present action has been submitted *In Forma Pauperis*; they are by hypothesis unable to furnish security as contemplated in rule 65 (c), and the court shall order no security in connection with this preliminary

injunction." *Denny v. Health and Social Services Board of State of Wisconsin Department of Health and Social Services*, 285 F. Supp. 526 (E.D. Wis. 1968).

The general purpose of an injunction bond is to "[A]ssure[] the enjoined party that it may readily collect damages from the funds posted or the surety provided in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency of the assured." *Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989). And it is well established when a party has been "Wrongfully enjoined:" "[A] party has been wrongfully enjoined [if it has been] ordered to do something it had a right to refrain from doing or to cease doing something it had a right to continue doing." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir.1990). Here, even in defendant's wildest dreams, it cannot assert or otherwise show that it would be wrongfully enjoined as defendant has no right to continue to unlawfully withhold producible records subject to the *FOIA*. See, also, *Defendant's Answer* ¶¶ 7, 9, 13, which together with *Blumenthal* further counsels in favor of waiver of the preliminary injunction bond as defendant's cannot make a showing of even a remote possibility of being wrongfully enjoined.

**F) Meet and Confer Statement**

No meet and confer statement is required via the *L.R.* of the *Southern and Eastern Districts of New York*, effective October 29, 2018. And neither judicial officer of this action, has any such requirement. Moreover, even if a meet and confer requirement was in place, plaintiff's Constitutional rights are being extremely and egregiously violated requiring prompt action. Furthermore, based on defendant's *Answer*, and its underlying conduct in this action, it is expected that defendant would oppose injunctive relief which plaintiff notices herein.

## CONCLUSION

For the forgoing reasons, plaintiff respectfully requests that this court **GRANT** plaintiff's motion for injunctive relief and enjoin defendant from further unlawful withholding of the requested *FOIA* records.

DATED: March 19, 2023

/S/

Darryl C. Carter

Darryl C. Carter vs. United States Department of Justice, Case No: 1:21-CV-04536-LDH-LB

Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants | Case No.:1:21-CV-04536-LDH-LB<br><br>PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

# PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1. I, PLAINTIFF, declare as follows

2. I am over the age of 18 years old.

3. I have personal knowledge of the facts contained in this declaration.

4. I am the real party in interest "Darryl C. Carter," and I inadvertently omitted my middle initial and/or name in the caption when originally filing this case but my name is correctly identified per the *Complaint* ¶ 2.

5. As I understand the *Freedom of Information Act* ("FOIA") its central purpose is to instill faith in the public via promoting the request and release of federal government agency records relative to its operations.

6. I own a public information website in which I intended to inform the public of any misconduct related to federal government operations which in this case pertains to the U.S.D.O.J and may be related to to the COVID-19 pandemic.

7. The level of emotional duress and stress I currently experience is so great, over the past few recent weeks, that I have filed a parallel action in the *Southern District Court of New York*, challenging New York City and the State of New York's CCW regulations i.e. case no. 1:23-cv-01139-JLR-RWL. See, *F.R.E.* 201 (b) (2); (c) (2). The reason(s) for doing so, as set forth in that matter, includes death threats credibly believed to be related to one or more federal government actors, which I believe with near certainty, such individual(s) would be identified in the records subject to production by the provisions of the FOIA, if released by the defendant.

If called as a witness I could and would testify to all of the foregoing of my personal knowledge, except those matters upon information and belief, which I believe them to be true. I declare under the penalty of perjury under the laws of the State of New York that the foregoing is true and correct and that this declaration was executed on March 19, 2023.

/S/

Darryl C. Carter

Darryl C. Carter vs. United States Department of Justice, Case No: 1:21-CV-04536-LDH-LB

Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL C. CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE ET,<br><br>Defendants | Case No.:1:21-CV-04536-LDH-LB<br><br>PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Regarding movant's motion for a preliminary injunction.

**IT IS SO ORDERED** movant's motion for a preliminary injunction is **GRANTED** as follows:

1. Defendant U.S.D.O.J and its component FBI are, collectively, enjoined from withholding any and all records relative to plaintiff's *FOIA* records. Within fifteen (15) days of service of this Order, defendant SHALL release all of the requested records, currently available, to plaintiff via couriers exclusive to UPS, or FEDEX and/or electronic delivery as specified by the plaintiff. Within five (5) days of this Order, plaintiff SHALL notify defendant as to how to perfect release of such records electronically for those records that can be released electronically.
2. Defendant is further Ordered to conduct searches for any and all records responsive (not currently available for release) to plaintiff's *FOIA* request and demonstrate that it has, properly, employed search methods reasonably likely to unearth discoverable records responsive to plaintiff's *FOIA* request.
3. Defendant is further Ordered to produce, no later than thirty (30) days of this Order, the *FOIA* records per item #2 of this Order -- in electronic form (if possible) via one or more emails containing such records and a *Vaughn Index* of any documents withheld under any claim of exemption. For those records requiring release via paper, defendant SHALL release those records in the same manner as specified in item #1 of this Order.

Issued on Date: ____________________, Time: ______________________ .

**IT IS SO ORDERED.**

_________________________
LaShann DeArcy Hall
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on date, March 19, 2023 , I submitted the following documents and that the appearing defendant is a registered CM/ECF user, in this case, within the United States District Court for the EASTERN DISTRICT OF NEW YORK and that I submitted the following documents via electronic[1] filing and that service will be accomplished by the court's CM/ECF system at the time of filing by the clerk.

1. PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION;
2. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION;
3. PLAINTIFF'S MEMORANDUM POINTS AND AUTHORITIES;
4. PLAINTIFF'S DECLARATION IN SUPPORT OF PRELIMINARY INJUNCTION;
5. PROPOSED ORDER GRANTING PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION;
6. CERTIFICATE OF SERVICE.

1 The cm/ecf uplink: https://edny.app.box.com/f/0f6348c6cb5242409fe345811278b2ca

Varuni Nelson
Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Email:Varuni.Nelson@usdoj.gov

*Attorney for the Defendant*

Dated: March 19, 2023

/S/

Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for Plaintiff*